UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH JENKINS,

    Petitioner,

v.

GREGORY SKIPPER, Warden,

    Respondent.

Case No. 21-11152
Honorable Laurie J. Michelson

**OPINION AND ORDER
DENYING RESPONDENT'S MOTION TO DISMISS [7],
DISMISSING UNEXHAUSTED CLAIMS, DIRECTING PROOF OF
AMENDED JUDGMENT, AND FOR SUPPLEMENTAL BRIEFING**

Kenneth Jenkins petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. State prisoners like Jenkins are supposed to pursue all claims for the writ through the state-court system before presenting them to a federal court as part of a habeas corpus petition. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Jenkins has pursued some, but not all of his claims for the writ through the state trial and appellate courts. So only some of Jenkins' claims are exhausted. And because Jenkins' petition contains unexhausted claims, Gregory Skipper, the warden of Jenkins' prison, has moved to dismiss the entirety of Jenkins' petition. (ECF No. 7, PageID.45, 49.) For the reasons stated below, the Court will dismiss only the unexhausted claims of Jenkins' petition. Additionally, as also explained

below, the Court will order the Warden to docket proof of an amended state court judgment and order the parties to file supplemental briefs.

Jenkins' petition has three grounds for relief, some of which have several claims. Briefly, Jenkins asserts that his trial counsel was ineffective, that the prosecutor engaged in misconduct, and that his consecutive sentences are unconstitutional.

The entirety of Jenkins' first ground for the writ is unexhausted. There, Jenkins claims that his trial counsel was constitutionally ineffective by failing to communicate during plea discussions and by not sufficiently challenging certain evidence at trial. (ECF No. 1, PageID.5.) Jenkins never presented any ineffective-assistance-of-trial-counsel claims to the Michigan Court of Appeals. And while he did present some ineffective-assistance claims to the Michigan Supreme Court (ECF No. 8-30, PageID.1029), raising a claim for the first time in a motion for leave to appeal to the Michigan Supreme Court does not exhaust the claim (at least when, as here, the Michigan Supreme Court does not rule on the merits of the claim), *see Skinner v. McLemore*, 425 F. App'x 491, 494 (6th Cir. 2011); *Farley v. Lafler*, 193 F. App'x 543, 549 (6th Cir. 2006). Accordingly, the entirety of Jenkins' first ground for the writ is unexhausted.

In contrast, most of Jenkins' second ground for a writ of habeas corpus is exhausted. In his second claim, Jenkins asserts that the prosecutor

engaged in misconduct by evoking sympathy for the complainant, vouching for witnesses, and denigrating the defense. (ECF No. 1, PageID.7.) Jenkins made those same assertions to the Michigan Court of Appeals (ECF No. 8-29, PageID.934–941) and the Michigan Supreme Court (ECF No. 8-30, PageID.1025). So most of Jenkins' second claim is exhausted.

The Court used the word "most" because Jenkins' second ground for the writ also asserts that the prosecution did not fulfill a promise during the plea process. (ECF No. 1, PageID.7.) But that claim was not presented to the Michigan Court of Appeals or the Michigan Supreme Court. (*See* ECF No. 8-29, PageID.923–924; ECF No. 8-30, PageID.1024–1031.) So this portion of Jenkins' second ground for the writ is not exhausted.

To summarize so far, the Court has found that some of Jenkins' claims are unexhausted (his first ground for the writ) and that some of Jenkins' claims are exhausted (most of his second ground for the writ). That means Jenkins' petition is "mixed"—it contains both exhausted and unexhausted claims. (For the moment, the Court sets aside Jenkins' third ground for the writ.)

Because Jenkins' petition contains unexhausted claims, the Warden asks this Court to dismiss the entirety of Jenkins' petition. (ECF No. 7, PageID.50.)

3

It is true that before the enactment of the Antiterrorism and Effective Death Penalty Act in 1996, the usual course was to dismiss mixed petitions so that the petitioner could go exhaust the unexhausted claims and then present a petition with only exhausted claims to the federal court. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). But post-AEDPA, dismissing a mixed petition can have harsh consequences to the petitioner: AEDPA's one-year statute of limitations may have expired between the time that the mixed petition was filed and the time the federal court dismisses it. *See Rhines v. Weber*, 544 U.S. 269, 275 (2005) (discussing scenario). So dismissing the mixed petition at that point would likely bar any future petition. *See id.* Recognizing that *Lundy*'s approach could produce harsh results in a post-AEDPA world, the Supreme Court in *Rhines* condoned a stay-and-abeyance procedure: when the petitioner faces a time bar, the federal court can hold the mixed-petition in abeyance while the petitioner exhausts the unexhausted claims. *See* 544 U.S. at 275–77.

Jenkins' situation is the one contemplated by *Rhines*. By the time the Warden filed his motion to dismiss, AEDPA's one-year clock had expired. (The clock started in July 2020, 90 days after the Michigan Supreme Court denied leave, *see Bowles v. Russell*, 432 F.3d 668, 670 (6th Cir. 2005), and the Warden filed his motion more than a year later, in November 2021.) So dismissing Jenkins' mixed petition would be harsh medicine—he would quite

likely be time-barred from ever petitioning a federal court for habeas corpus relief. Thus, the Court will not grant the Warden's motion to dismiss Jenkins' petition in its entirety.

But neither will the Court stay the case. This is because Jenkins has never asked the Court to stay the case so he could exhaust his unexhausted claims. (And merely asking would likely not be enough. *See Rhines*, 544 U.S. at 277 (setting forth "good cause" and "[not] plainly meritless" requirements for a stay).)

And Jenkins has had plenty of opportunities to ask for a stay. The Warden's motion to dismiss highlighted that some of Jenkins' claims were unexhausted. Yet Jenkins did not respond to the Warden's motion. The Court, noticing this, and recognizing that there may have been reasons that Jenkins had not responded, directed Jenkins to file a response. And in that order, the Court warned, "If a response is not filed by February 8, 2022, the Court *will* dismiss the unexhausted claims of Jenkins' petition." (ECF No. 9, PageID.71 (emphasis added).) When February 8 approached, Jenkins asked for more time to respond to the Warden's exhaustion motion. The Court obliged: "Jenkins is to respond to the Warden's motion by April 13, 2022. (That is almost five months from when the Warden filed his motion.) If Jenkins' response is not signed, dated, and handed off for mailing on or before April 13, 2022, the Court *will* dismiss the unexhausted claims of Jenkins'

5

petition. No further extensions will be granted." (ECF No. 11, PageID.1078 (emphasis added).) A few days ago, the Court received a short, half-page letter from Jenkins dated April 13. (ECF No. 12.) The letter does not address the Warden's arguments about exhaustion. Nor does the letter indicate that Jenkins has or intends to exhaust his unexhausted claims. Accordingly, the Court will simply do what it said it would: dismiss Jenkins' unexhausted claims.

Earlier, the Court delayed discussion of Jenkins' third ground for the writ. Taking up that claim now, Jenkins says that the trial court violated the Eighth Amendment and his double-jeopardy rights by sentencing him to six consecutive terms of 25 to 75 years in prison, i.e., a minimum of 125 years and a maximum of 450 years in prison. (ECF No. 1, PageID.8.)

This ground for the writ might or might not be exhausted. In favor of Jenkins, he did argue to the Michigan Court of Appeals and the Michigan Supreme Court that six consecutive terms of 25 to 75 years for a 56-year-old man was neither proportionate nor reasonable. (*See* ECF No. 8-29, PageID.941–946.) But the Warden asserts that Jenkins' arguments were not based on the Eighth Amendment or his double-jeopardy rights. (ECF No. 7, PageID.45.)

As it turns out, the Court need not decide whether Jenkins' third ground for the writ should be dismissed as unexhausted. That is because

6

these claims are moot—or, at least, they will be moot once the Warden complies with this Court's order below. On remand from the Michigan Court of Appeals, the state trial court stated both on the record and in a written order that Jenkins' sentences would be changed from consecutive to concurrent. (ECF No. 8-29, PageID.1016–1018; ECF No. 8-29, PageID.1007.) And following the state trial court's order, the Michigan Court of Appeals acknowledged that Jenkins' sentences were concurrent. (ECF No. 8-29, PageID.834.) Indeed, the prosecution even acknowledged the change when addressing Jenkins' motion for leave filed in the Michigan Supreme Court. (ECF No. 8-30, PageID.1040 n.1.) So everyone agrees that Jenkins no longer has consecutive sentences, which is the basis of his third ground for the writ.

The only thing keeping the Court from declaring that claim moot now is that it appears that Jenkins' judgment was never amended. (*See* ECF No. 8-30, PageID.1040 n.1; ECF No. 8-29, PageID.831; ECF No. 8-29, PageID.893.) And while that is arguably just a technicality, the Michigan Department of Corrections' offender-tracking website indicates that Jenkins has a 125-year to 450-year sentence, i.e., Jenkins' custodian apparently still believes his sentences are consecutive. *See Mich. Dep't of Corr. Offender Tracking Info. Sys.*, https://perma.cc/S9CD-UNMM (indicating an earliest release date of 2165 and latest release date of 2465). So the Court will order that flaw be remedied as set out below.

7

\* \* \*

For the reasons given, the Warden's motion to dismiss is DENIED.

All of Jenkins' ineffective-assistance-of-trial-counsel claims are DISMISSED as unexhausted. Jenkins' claim that the prosecutor did not fulfill a promise during plea negotiations is DISMISSED as unexhausted.

As for Jenkins' claims about his consecutive sentences, on or before May 31, 2022, the Warden is to docket proof (1) that Jenkins' judgment has been amended to reflect concurrent sentences and (2) that the Michigan Department of Corrections has received notice of the amended sentence. Once the Warden dockets proof, Jenkins' Eighth Amendment and double-jeopardy claims will be DISMISSED as moot.

As for Jenkins' claims about the prosecution evoking sympathy for the complainant, vouching for its witnesses, and denigrating defense witnesses (*see* ECF No. 8-29, PageID.934–941, ECF No. 8-30, PageID.1025), the Warden is to file a substantive response to these claims on or before July 15, 2022. Jenkins has until September 15, 2022 to file a reply. Absent truly exceptional circumstances, these deadlines will not be extended.

SO ORDERED.

Dated: May 4, 2022

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

8