UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH JENKINS,

    Petitioner,

v.

JAMES CORRIGAN[1], *Warden*,

    Respondent.

Case No. 21-11152
Honorable Laurie J. Michelson

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS [1], DENYING CERTIFICATE OF APPEALABILITY, GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS, AND AMENDING CASE CAPTION**

In 2008, Kenneth Jenkins was dating a woman with an 11-year-old daughter. One evening, the woman left the child in Jenkins' care while she attended Bible study. Jenkins sexually assaulted the 11-year-old victim, who then ran to her friend's house screaming for help. Charges were filed in the Wayne County Circuit Court, but Jenkins fled and was not located until 2015. Jenkins was eventually convicted of six counts of first-degree criminal sexual conduct (victim under age 13) by a jury in

---

[1] Kenneth Jenkins is presently incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan. *See Mich. Dep't of Corr. Offender Tracking Info. Sys.*, https://perma.cc/YE5C-52V5. The only proper respondent in a habeas case is the habeas petitioner's custodian, here, the warden of Chippewa. *See* Rule 2(a), Rules Governing Section 2254 Cases, 28 U.S.C. § 2254. The warden at Chippewa is James Corrigan. Accordingly, the Clerk of Court is directed to amend the case caption to substitute James Corrigan as the respondent.

Michigan state-court. He is currently serving six concurrent sentences of 25–75 years at the Chippewa Correctional Facility in Kincheloe, Michigan.

Jenkins came to federal court seeking a writ of habeas corpus under 28 U.S.C. § 2254. His habeas petition contains three grounds for relief, some of which have several claims. Briefly, Jenkins asserts that: (1) his trial counsel was ineffective for various reasons, (2) the prosecutor engaged in misconduct by failing to fulfill a promise made during plea negotiations, vouching for prosecution witnesses, and denigrating defense counsel, and (3) his initially imposed consecutive sentences were unconstitutional. (*See* ECF No. 1.)

On November 22, 2021, Respondent moved to dismiss the entirety of Jenkins' petition because it contained unexhausted claims. (ECF No. 7, PageID.45, 49.) On May 4, 2022, this Court dismissed as unexhausted all of Jenkins' ineffective-assistance-of-trial-counsel claims and his claim that the prosecutor did not fulfill a promise during plea negotiations. *Jenkins v. Skipper*, No. 21-11152, 2022 WL 1410701, at *1-2 (E.D. Mich. May 4, 2022) *available at* (ECF No. 13, PageID.1090.). The Court declined to dismiss Jenkins' claims that the prosecutor engaged in misconduct by vouching for witnesses and denigrating defense counsel, as those claims were exhausted in the state courts. (*Id*. at PageID.1085.)

As for Jenkins' claim about his sentence, the Court explained that while Jenkins was originally given six consecutive sentences by the state trial court, "on remand from the Michigan Court of Appeals, the state trial court stated both on the record and in a written order that Jenkins' sentences would be changed from

2

consecutive to concurrent." (*Id.* at PageID.1089.) The Court noted, however, that "the only thing keeping the Court from declaring that claim moot now is that it appears that Jenkins' judgment was never amended." (*Id.* (explaining that "while that is arguably just a technicality, the Michigan Department of Corrections' offender-tracking website indicates that Jenkins has a 125-year to 450-year sentence, i.e., Jenkins' custodian apparently still believes his sentences are consecutive.").) Accordingly, this Court ordered the Warden "to docket proof (1) that Jenkins' judgment has been amended to reflect concurrent sentences and (2) that the Michigan Department of Corrections has received notice of the amended sentence." (*Id.* at PageID.1090.) The Court stated that "once the Warden dockets [such] proof, Jenkins' Eighth Amendment and double-jeopardy claims [pertaining to his concurrent sentence] will be DISMISSED as moot." (*Id.*)

In response to the Court's prior order, Respondent docketed proof that the state trial court has now filed an amended judgment of sentence indicating that Jenkins' six sentences are to run concurrently. (*See* ECF No. 29-2, PageID.1232–1233, Amended Judgment of Sentence; *see also* ECF No. 29-1, PageID.1231, Register of Actions, Wayne County Circuit Court.) Indeed, the Michigan Department of Corrections' offender-tracking site now indicates that the sentences are concurrent, reflecting that Jenkins' earliest release date is December 31, 2040, and his maximum release date is December 31, 2090. *See Mich. Dep't of Corr. Offender Tracking Info. Sys.*, https://perma.cc/YE5C-52V5. Accordingly, Jenkins' Eighth Amendment and double-jeopardy claims will be DISMISSED as moot.

3

That just leaves Jenkins' claims that the prosecutor engaged in misconduct by vouching for its witness (the victim) and denigrating defense counsel. Respondent argues these claims should be dismissed as they are procedurally defaulted, or in the alternative because they lack merit. (ECF No. 30, PageID.1236.)

The Court agrees that these remaining claims are procedurally defaulted. Thus, Jenkins' petition for a writ of habeas corpus is DENIED.

I.

The Michigan Court of Appeals explained the background for Jenkins' prosecutorial misconduct claims. First "[Jenkins] complains that the prosecutor improperly vouched for the victim's truthfulness when she argued that the victim had 'no reason to lie.'" *People v. Jenkins*, No. 337624, 2018 WL 6517547, at *4 (Mich. Ct. App. Dec. 11, 2018). And second, "[i]n arguing that the prosecutor denigrated defense counsel, defendant focuses on the prosecutor's use of the terms 'ludicrous' and 'ridiculous' during closing and rebuttal arguments." *Id.*

The Michigan Court of Appeals found that these objections were not persevered in the trial court, so it conducted plain error review:

> As defendant acknowledges, he did not object to the prosecutor's remarks at trial, leaving this issue unpreserved. We review an unpreserved claim of prosecutorial error for plain error affecting defendant's substantial rights. *People v. Roscoe*, 648; 846 N.W.2d 402 (Mich. Ct. App. 2014). We will not reverse if the alleged prejudicial effect of the prosecutor's conduct could have been cured by a timely instruction. *People v. Watson*, 629 N.W.2d 411 (Mich Ct. App. 2001).

*Id.* at *3.

The Warden argues that Jenkins' claims of prosecutorial misconduct are procedurally defaulted due to Jenkins failure to preserve those claims for appellate review under Michigan's procedural rules. (ECF No. 30, PageID.1236.) "The United States Supreme Court has explained that a petitioner's procedural default in the state courts will preclude federal habeas review if the last state court rendering a judgment in the case rested its judgment on the procedural default." *Curtis v. Horton*, No. 18-13438, 2022 WL 821670, at *3 (E.D. Mich. Mar. 17, 2022) (citing *Wainwright v. Sykes,* 433 U.S. 72, 85–87 (1977).); *see also Maslonka v. Hoffner*, 900 F.3d 269, 276 (6th Cir. 2018) ("[A] federal court may not review federal claims that were procedurally defaulted in state courts.") (citations omitted). The last explained state-court judgment should be used to make this determination. *Ylst v. Nunnemaker*, 501 U.S. 797, 803–05 (1991).

Here, the Michigan Court of Appeals rendered the last reasoned opinion. So to determine whether Jenkins procedurally defaulted his prosecutorial misconduct claims in state court, the Court must look to that decision and consider whether: "(1) the petitioner fail[ed] to comply with a state procedural rule; (2) the state courts enforce[d] the rule; (3) the state procedural rule is an adequate and independent state ground for denying review of a federal constitutional claim; and (4) the petitioner cannot show cause and prejudice excusing the default." *See Guilmette v. Howes*, 624 F.3d 286, 290 (6th Cir. 2010) (en banc).

Applying those factors here, Michigan law requires that a criminal defendant contemporaneously object to a prosecutor's allegedly improper comments at trial in

5

order to preserve such a claim for appellate review. *See Burton v. Bock,* 320 F. Supp. 2d 582, 589 (E.D. Mich. 2004) (citing *People v. Ullah,* 550 N.W. 2d 568 (Mich. Ct. App. 1996)). Jenkins failed to do so. As the Michigan Court of Appeals ruled, Jenkins' claims were unpreserved because, "[a]s defendant acknowledges," he failed to object at trial. *People v. Jenkins*, 2018 WL 6517547, at *3. And because the claims were unpreserved, the Michigan Court of Appeals reviewed them for plain error. *Id.* The Sixth Circuit has made clear that the Michigan Court of Appeals' review of such claims for plain error constitutes enforcement of the procedural default rule. *See Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001) ("Moreover, we view a state appellate court's review for plain error as the enforcement of a procedural default."); *see also Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000) (finding that plain error review by a state court does not constitute a waiver of the state procedural default). So the first two procedural default requirements are satisfied.

The third requirement is satisfied as well because the Sixth Circuit has held that Michigan's contemporaneous objection rule is an adequate and independent state-law basis for prohibiting federal review of a prosecutorial misconduct claim. *See Turner v. Curtin*, 507 F. App'x 587, 590 (6th Cir. 2012) ("Because Michigan courts follow the contemporaneous-objection rule, an 'adequate and independent' ground upon which Michigan state courts may rely to foreclose review, Turner defaulted his [prosecutorial misconduct] claim by failing to follow this applicable procedural rule."); *Theriot v. Vashaw*, 982 F.3d 999, 1004 (6th Cir. 2020) ("Michigan's contemporaneous-

objection rule 'constitutes an adequate and independent state ground for foreclosing federal review'") (quoting *Taylor v. McKee*, 649 F.3d 446, 451 (6th Cir. 2011)).

As for the fourth element, Jenkins' has not shown cause or prejudice for the default. "In fact, because he did not file a reply, he never argued for either." *Curtis*, 2022 WL 821670, at *4. Jenkins offered no reasons for his failure to properly preserve his claims at the trial level. He did not raise an ineffective-assistance-of-counsel claim, or any other justification, to excuse the procedural default. By failing to raise any claim or issue to excuse the procedural default, Jenkins "has forfeited the question of cause and prejudice." *Rogers v. Skipper*, 821 F. App'x 500, 503 (6th Cir. 2020).

Finally, Jenkins' cannot overcome the procedural default by showing that a failure to consider the claim will result in a fundamental miscarriage of justice. *See Williams v. Bagley*, 380 F.3d 932, 966 (6th Cir. 2004). The miscarriage-of-justice exception requires a showing that a constitutional violation probably resulted in the conviction of a person who is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 326–27 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998). Jenkins has made no such showing. So Jenkins' prosecutorial misconduct claims are barred by procedural default and do not warrant habeas relief.

## II.

Before Jenkins' may appeal this decision, the Court must issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of

7

appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). But Jenkins' has not shown "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks and citation omitted). Thus, a certificate of appealability will not issue from this Court. *Davis v. Rapelje*, 33 F. Supp. 3d 849, 865 (E.D. Mich. 2014).

If Jenkins chooses to appeal the Court's decision, however, he may proceed in forma pauperis because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3)

### III.

For the reasons given, Jenkins' petition for a writ of habeas corpus is DENIED and DISMISSED WITH PREJUDICE, a certificate of appealability is DENIED, and any request to proceed in forma pauperis on appeal is GRANTED. A separate judgment will follow.

IT IS SO ORDERED.

Dated: September 17, 2024

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

8